|     |                                                          |                                          |
| --- | -------------------------------------------------------- | ---------------------------------------- |
|     | UNITED STATES DISTRICT COURT                             |                                          |
|     | CENTRAL DISTRICT OF CALIFORNIA                           |                                          |

| | |
|---|---|
| MELINDA K. THOMAS,<br><br>               Plaintiff,<br><br>     v.<br><br>JENNIFER ROTH, et al.,<br><br>               Defendants. | Case No. 5:20-cv-00402-AB (SHK)<br><br>ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND |

On January 21, 2020, Plaintiff Melinda K. Thomas ("Plaintiff"), a prisoner incarcerated at the California Institution for Women in Chino-Corona, California, proceeding pro se, filed a civil rights complaint ("Complaint" or "Compl.") under 42 U.S.C. § 1983 ("§ 1983"), against her appointed criminal defense attorney Paraq Shah and "district attorney" Jennifer Roth (collectively "Defendants"), in the United States District Court for the Southern District of California. Electronic Case Filing Number ("ECF No.") 1, Compl.; ECF No. 3, Mot. to Proceed In Forma Pauperis. The matter was then transferred to this Court. For the reasons below, the Court **DISMISSES** Plaintiff's Complaint, without leave to amend, and with prejudice.

/ / /

# I. BACKGROUND

## A. Current Complaint

In the Complaint, Plaintiff claims that Defendants violated Plaintiff's rights while performing their duties during the course of her criminal proceeding before the Superior Court, such as exchanging information in her criminal file, and remanding her into custody. ECF No. 1, Compl. at 2. Specifically, with respect to the prosecutor, "district attorney" Roth, Plaintiff claims that "she illegally perjured evidence and submitted it to the jury." Id. With respect to her appointed counsel, Shah, Plaintiff claims that Shah violated the attorney-client privilege by giving "copies of my entire defen[s]e case file to the DA." Id.

In support of these allegations, Plaintiff claims that Roth "knowingly and flagrantly changed multiple words and phrases that she, J. Roth, then passed out to each and every juror." Id. at 3. Plaintiff also claims that Roth tampered with the documents, which were provided to the jury to secure a conviction, "abused her power[,] and broke her oath of office." Id. As a result, Plaintiff states that Roth "selfishly took me away from my children, my job, my house[,] all to illegally obtain [her] conviction." Id. As a result, Plaintiff alleges a claim of malicious prosecution and that her right to a fair impartial jury trial was violated. Id. at 3-4.

With respect to Shah, who does not appear to have been Plaintiff's defense counsel at trial, Plaintiff states that she was denied the "right to effective assistance of coun[sel]." Id. at 5. Specifically, Plaintiff claims that Shah gave the prosecutor and judge in the matter "private confidential emails that [Plaintiff] sent to him and . . . also gave copies of [Plaintiff's] entire defense case file." Id. Plaintiff also attached transcripts in support of these claims, which appear to show that Plaintiff's trial counsel raised the issue of Shah having provided materials that may have been protected by the attorney-client privilege to the prosecutors. Id. at 13-16.

Finally, Plaintiff claims that she has not "filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case." Id. at 6.

**B.     Previously Filed Complaint And Dismissal With Prejudice**

On October 16, 2018, in <u>Thomas v. Shah, et al.</u>, Case No. 5:18-cv-02193 (C.D. Cal. 2018) ("First Case"), Plaintiff filed a § 1983 action against criminal defense attorneys Parag[1] Shah and Brandon Wood; Judge Tony Raphael and Judge Hutson of the Victorville Superior Court; and district attorney Jennifer Roth (collectively "Defendants"). First Case, ECF No. 1, Compl. In the First Case, Plaintiff sought relief, in what appears to be proceedings in the same criminal case, because Shah, and another defense attorney, Brandon Wood, "[b]roke attorney-client confidentiality by giving copies of [Plaintiff's] defen[se] file and private emails to Judge Hutson and D.A. Jennifer Roth." <u>Id.</u> at 3. Plaintiff also named Judges Raphael and Hutson for violating her rights by denying her bond, raising her bail, and having her remanded because Plaintiff came to court 10 minutes late for trial. <u>Id.</u> at 3-4. Finally, Plaintiff alleged that Roth was liable because Roth accepted the materials from Shah and indicated that Roth intended to use the materials during the course of the trial. <u>Id.</u> at 4.

This Court issued an order dismissing the action without leave to amend and with prejudice because absolute immunity protected the Superior Court Judges and the prosecutor's actions, and the criminal defense attorneys were not state actors. First Case, ECF No. 5, Order Dismissing Complaint Without Leave to Amend and With Prejudice at 3-4.

**II.     LEGAL STANDARD**

Because Plaintiff is seeking to proceed in forma pauperis, the Court must screen the Complaint under the Prisoner Litigation Reform Act of 1995 where "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim

---

[1] The Court notes that Plaintiff listed Shah's name as "Parag Shah" in the previous case and as "Paraq Shah" in the instant matter. <u>See</u> ECF No. 1, Compl.; First Case, ECF No. 1, Compl.

3

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In making this assessment, the Court applies the pleading standard from Federal Rule of Civil Procedure 8 ("Rule 8"), which requires "a short and plain statement" of the claim that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554, 562-63 (2007). A complaint filed by a pro se litigant "is to be liberally construed, and . . . must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). However, if a court finds a pro se complaint deficient, dismissal may be with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1124 (9th Cir. 2000).

### III. DISCUSSION

Plaintiff's Complaint fails because Plaintiff names Defendants who this Court has previously explained are immune or not subject to suit under § 1983. For these reasons, the Court dismisses the Complaint without leave to amend.

**A.   District Attorney Roth Is Immune From Suit.**

Defendant Roth is immune from suit as a prosecutor for presenting evidence during the trial. Plaintiff alleges that Roth is liable under § 1983 because she allegedly presented an improperly modified transcript of a recording. This presentation of evidence during a trial by a prosecutor is not actionable under § 1983 because the prosecutor is immune for this type of activity. Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983").

Accordingly, Plaintiff's claims against Defendant Roth are not actionable and are, therefore, dismissed without leave to amend and with prejudice.

/ / /

### B. Defendant Shah Cannot Be Sued Under § 1983.

Defendant Shah is not a state actor for purposes of § 1983. Actions under § 1983 are only able to be brought against state actors and not private citizens or those acting as private citizens. Here, Shah is again accused of improperly disclosing Plaintiff's criminal file to Defendant Roth in performance of Shah's duties as a defense attorney. As such, Shah is not a "state actor" and therefore not liable under § 1983. Polk Cty. v. Dodson, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."). Consequently, Plaintiff has no cognizable claim against Defendant Shah and, thus, these claims are dismissed without leave to amend, and with prejudice.

### IV. ORDER

Because the defects in Plaintiff's Complaint cannot be cured by amendment, the Court **DISMISSES** the Complaint, without leave to amend, and **WITH PREJUDICE**.

Dated: April 07, 2020

HONORABLE ANDRÉ BIROTTE JR.
United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge